

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 18, 1967

Honorable Jesse James
State Treasurer of Texas
State Capitol Building
Austin, Texas    78711

Opinion No. M-170

Re:  Whether the State Trea-
     surer is required to
     pay a fee to county
     clerks for certified
     copies of court orders
     transmitted to him pur-
     suant to Section 428,
     Texas Probate Code.

Dear Mr. James:

        In your recent letter to this office, you re-
quest our opinion as to whether your office is required
to pay the county clerk for a certified copy of a court
order which has been transmitted to your office pursuant
to Section 428 of the Texas Probate Code.  Section 428 is
one of a series of sections contained in Chapter X of the
Texas Probate Code which provide for the disposition of
unclaimed estates.  Sections 427, 428, and 429 of Chapter
X read as follows:

        "Sec. 427.  If any person entitled to
    a portion of an estate, except a resident
    minor without a guardian, shall not demand
    his portion from the executor or administra-
    tor within six months after an order of
    court approving the report of commissioners
    of partition, or within six months after
    the settlement of the final account of an
    executor or administrator, as the case may
    be, the court by written order shall re-
    quire the executor or administrator to
    pay so much of said portion as is in
    money to the State Treasurer; and such
    portion as is in other property he shall
    order the executor or administrator to
    sell on such terms as the court thinks
    best, and, when the proceeds of such sale
    are collected, the court shall order the
    same to be paid to the State Treasurer,
    in all such cases allowing the executor
    or administrator reasonable compensa-
    tion for his services."

"Sec. 428. Whenever an order shall be made by the court for an executor or administrator to pay any funds to the State Treasurer under the preceding provisions of this Code, the clerk of the court in which such order is made shall mail to the State Treasurer a certified copy of such order within thirty days after the same has been made. Whenever the clerk mails such copy, he shall take from the postmaster with whom it is mailed a certificate stating that such certified copy was mailed in his office, addressed to the State Treasurer at Austin, Texas, and the date when it was mailed, and shall record such certificate."

"Sec. 429. Any clerk who shall neglect to transmit a certified copy of any such order within the time prescribed, and to take and record such certificate, as required in the preceding Section, shall be liable in a penalty of One Hundred Dollars, to be recovered in an action in the name of the state, after personal service of citation, on the information of any citizen, one-half of which penalty shall be paid to the informer and the other one-half to the state."

Section 430 requires the State Treasurer to issue a receipt to an executor or administrator who delivers funds to the State Treasurer pursuant to an order entered under Section 427. Section 431 imposes a penalty upon any executor or administrator who fails to comply with an order entered pursuant to Section 427. Section 432 provides the procedure to be followed by the State Treasurer, to enforce and recover the payment of funds, which the executor or administrator has failed to pay him, together with the payment of any damages that shall have accrued. Section 433 authorizes any heirs, devisees, or legatees of any estate which has been delivered to the State Treasurer pursuant to Chapter X of the Texas Probate Code to institute a suit for the recovery of such portion of the estate as may belong to such claimant, and further provides the procedure to be followed in such suit.

Your question has undoubtedly arisen because of the provisions of House Bill No. 78, Acts 60th Legisla-

ture, 1967, Regular Session, Chapter 680, page 1785, and House Bill No. 80, Acts 60th Legislature, Regular Session, 1967, Chapter 681, page 1789.

House Bill 78 provides, in part, as follows:

"Section 1. County clerks and clerks of county courts are hereby authorized and required to collect the following fees <u>for services rendered</u> by them <u>to all</u> persons, firms, corporations, legal entities, <u>governmental agencies</u> and/or governmental representatives:

". . . .

"D. For issuing each certificate, certified copy, notice, statement, transcript, or any other instrument, document, or paper authorized, permitted, or required, to be issued by said county clerk or clerk of county courts on which there is no return to be recorded:

"For each page, or part of a page, a fee, to be paid at the time each order is placed, of $1.00.

". . . .

"Section 2. All laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of conflict only, including but not limited to . . . ." (Emphasis added.)

House Bill No. 80 provides, in part, as follows:

"Section 1. County clerks and county recorders are hereby authorized and required to collect the following fees for services rendered by them to all persons, firms, corporations, legal entities, governmental agencies and/or governmental representatives:

". . . .

"(3) For issuing each certified copy (except certified copy of map records and condominium records), notice, statement, license where the fee for issuing a license

is not specifically provided by statute, or
any other instrument, document, or paper
authorized, permitted, or required, to
be issued by said county clerk or county
recorder, except as otherwise provided
in Section 1, of this Act:

"For each page, or part of a page,
a fee, to be paid in cash at the time
each order is placed, of $1.00.

". . . .

"Section 2. Article 3930a, Revised
Civil Statutes of Texas, 1925, as added
by Section 1, Chapter 495, Acts of the
57th Legislature, Regular Session, 1961,
is repealed; and the fees provided for
county clerks in all other laws, or
parts of laws, in conflict with the pro-
visions of this Act are hereby repealed
as to county clerks only, included but
not limited to: . . . ."

The provisions of Chapter X of the Probate Code
provide a special procedure for the disposition of unclaim-
ed estates. In order for the State Treasurer to perform
the duties imposed upon him with regard to such estates,
it is essential that he have notice of the action of the
probate court. As an integral part of the procedure under
Chapter X, the legislature made it the duty of the clerk
of the court entering the order to transmit a certified
copy of the order to the State Treasurer within thirty days
of its entry. A penalty of One Hundred Dollars ($100) is
imposed upon any clerk who fails to transmit the required
order. House Bill 78 and House Bill 80 are bills which
prescribe the fees to be collected by county clerks. The
repealing clauses of the bills do not specifically amend
or repeal any portion of Chapter X of the Probate Code.
Insofar as the repealing clauses repeal all laws in con-
flict, the effect is necessarily limited to statutes which
deal with the fees to be collected by county clerks, and
county recorders for services rendered. In the situation
governed by Section 428 of the Probate Code, the mailing
of the certified copy to the State Treasurer is not a
"service rendered" to that state official, but is an act
done by the county clerk or recorder in furtherance of his
own legal duties. We find no conflict between the provi-
sions of the two bills and Chapter X of the Probate Code,

nor do we find any expression of intent on the part of the legislature to condition the performance of the duty imposed upon the clerk by the Probate Code, or the penalty for failure to perform such duty, upon the payment of a fee to the clerk.

You are, therefore, advised that in our opinion the State Treasurer is not required to pay a fee to county clerks for certified copies of court orders transmitted to him pursuant to Section 428 of Chapter X of the Texas Probate Code. Our answer to your first question makes it unnecessary for us to consider your question with regard to what fund would be available for payment of such fees.

S U M M A R Y

The State Treasurer is not required to pay a fee to county clerks for certified copies of court orders transmitted to him pursuant to Section 428 of Chapter X of the Texas Probate Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
Bill Allen
Harold Kennedy
Ralph Rash

A. J. CARUBBI, JR.
Staff Legal Assistant